1  Miles D. Grant, Esq.           (SBN   89766)
   Alexander J. Kessler, Esq.     (SBN 278240)
2  **GRANT & KESSLER, APC**
   1331 India Street
3  San Diego, CA 92101
   Tel: 619-233-7078; Fax: 619-233-7036
4

5  Attorneys for Defendants

6

7

8  **UNITED STATES BANKRUPTCY COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

10                                      '22CV0994 MMANLS

11 In re:                               Adversary No. 18-90039-LT

12 RUDOLPH MEDINA aka RUDY              **DEFENDANTS' MOTION TO**
   MEDINA,                              **WITHDRAW THE REFERENCE**
13                                      **TO THE BANKRUPTCY COURT**
                  Debtor.
14                                      **Relief Sought from a United States**
   BK Case No. 12-13764-LT7             **District Judge Pursuant to Fed. R.**
15                                      **Bankr. P. 5011(a)**

16 RONALD E. STADTMUELLER,              Dept.: 3
   Chapter 7 Trustee,                   Judge: Hon. Laura S. Taylor
17
                  Plaintiff,
18
   v.
19
   BERNADETTE SARKISIAN, an
20 individual; JOHN SARKISIAN, an
   individual
21
                  Defendants.
22                              **INTRODUCTION**

23     The Bankruptcy Court lacks authority to enter a final judgment in this case

24 against Defendant BERNADETTE SARKISIAN ("Bernadette") because she is

25 entitled to a jury trial on the claims of Plaintiff RONALD E. STADTMUELLER

26 ("Trustee").

27     The Trustee seeks to set aside a transfer between Bernadette and her husband,

28 Defendant JOHN SARKISIAN ("John").

The claims made against John and Bernadette are identical and based on the same facts and evidence. The Bankruptcy Court has certified that this case is ready for trial.

Defendants respectfully request this Court to withdraw its reference pursuant to 28 U.S.C. § 157.

## STATEMENT OF FACTS

**A.  Debtor obtained a Judgment against John**

On June 25, 2007, John filed a lawsuit action against Rudy Medina ("Debtor"), San Diego Superior Court, Case No. 37-2007-00069058 ("State Action"). On September 27, 2007, Medina filed a Cross-Complaint against John in the State Action. On October 12, 2012, after trial in the State Action, Debtor obtained a judgment against John for roughly $1.4 million ("Judgment").

**B.  Debtor filed bankruptcy**

On October 11, 2012, Debtor filed a Chapter 11 bankruptcy. On or about September 3, 2013, Debtor's bankruptcy was converted to a Chapter 7.

On January 27, 2014, John filed a proof of claim in the bankruptcy for $200,000 (Claim 20-1).

On March 19, 2014, Debtor received a discharge.

**C.  Trustee now seeks to recover from Defendants**

Since conversion to a Chapter 7, the Trustee has owned the Judgment for the benefit of Debtor's Estate.

On March 29, 2018, towards enforcing the Judgment, Trustee filed his adversary proceeding "Complaint" against Defendants, effectively seeking to set aside a Transmutation Agreement ("TA") signed by Defendants on March 31, 2014, which transmuted Defendants' assets from community property to separate property. The TA, Exhibit 1 to the Complaint, includes a list of all of the assets of the Defendants and the approximate value of each asset.

/ / /

The Complaint contains three claims for relief: (1) the first is "Declaratory Relief," seeking to have the TA declared a fraudulent conveyance; (2) the second is "Satisfaction of Creditor's Suit" seeking an order directing Bernadette to "turnover [sic] any property in which [John] has an interest to Plaintiff; " and (3) the third, really the only claim that must be litigated, seeks to set aside the TA as a fraud conveyance under California's Uniform Voidable Transactions Act ("UVTA").

The first and second claims are derivative of the third claim.  Any relief the Court grants on the first and second claims will be based on the outcome of the third claim under UVTA.

**C.   Relevant Motions and Discovery in the Bankruptcy Case**

On April 30, 2018, Defendants filed a Motion for Abstention  (ECF No. 6), seeking to transfer the case to the State Court.  The motion was denied.

On August 23, 2018, the parties filed cross-motions for summary judgment (ECF Nos. 25 and 26.)  Both motions were denied. (ECF No. 41.)

On September 9, 2019 (after discovery closed [ECF No. 55]), Defendants filed a second summary judgment motion on the grounds that there was no triable issue of material fact as to Trustee's harm, and harm is an essential element of a UVTA claim (ECF No. 57).  The motion was granted (ECF No. 72).  Trustee appealed to the BAP (ECF No. 81), which reversed the granting of summary judgment (ECF No. 111). Defendants than appealed to the Ninth Circuit (ECF No. 117) which affirmed the BAP ruling.  *Sarkisian v. Stadtmueller (In re Medina)*, No. 20-60045, 2021 U.S. App. LEXIS 22529 (9th Cir. July 29, 2021).

**D.   This case is certified as ready for trial**

This case is certified as ready for trial. The last date to complete discovery was September 8, 2019 and the last day to file a dispositive motion was November 10, 2019  (ECF No. 56).  The parties attended Mediation on June 3, 2021 before Marty Eliopulos.  The case was not resolved at Mediation or thereafter.

///

## ARGUMENT

Under 28 U.S.C. § 1334(a), the district court has original and exclusive jurisdiction over all cases arising under Title 11. 28 U.S.C. § 1334(b) provides that the district court has original, but not exclusive, jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. Under 28 U.S.C. § 157(a), "each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The District Court for the Southern District of California has so referred bankruptcy proceedings to the Bankruptcy Court by General Order. *See* General Order 312-E, filed Nov. 27, 2013.

The district court's reference of bankruptcy proceedings to the bankruptcy court is subject to mandatory or permissive withdrawal, depending on the circumstances. *See* 28 U.S.C. § 157(d). Withdrawal is mandatory if, "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* On the other hand, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

"Cause" is not defined by section 157. However, it is well settled that a defendant's right to a jury trial constitutes cause for withdrawal. *See In re Healthcarecentral.com*, 504 F.3d 775, 788 (9th Cir. 2007). Courts also look to the following factors to determine whether cause exists to withdraw the reference: (1) whether the matter is core or non-core; (2) efficient use of judicial resources; (3) uniformity of bankruptcy administration; (4) reducing forum shopping; and (5) conserving the creditor's and debtor's resources. *See Hawaiin Airlines, Inc. v. Mesa Air Group, Inc.*, 355 B.R. 214, 223 (D. Haw. 2006); *Lucore v. Guild Mortg. Co.*, No. 12-CV-1411-IEL (WVG), 2012 U.S. Dist. LEXIS 99142, at *8-9 (S.D. Cal. July 16, 2012).

**A. Good cause exists to withdraw the reference because Bankruptcy Court cannot conduct a jury trial**

Good cause exists to withdraw the reference because Bernadette is entitled to a jury trial on the UVTA claims, and the Bankruptcy Code does not authorize bankruptcy judges to conduct a jury trial. To obtain consistent outcomes and for the effective use of judicial resources, the reference to John should also be withdrawn.

**1. Bernadette is entitled to a jury trial**

"In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." USCS Const. Amend. 7. To determine whether a party is entitled to a jury trial under the Seventh Amendment, the court must:

> [F]irst compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, the court must examine the remedy sought and determine whether it is legal or equitable in nature . . . If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, the court must decide whether the U.S. Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a factfinder."

*Granfinanciera v. Nordberg*, 492 U.S. 33, 42 (1989).

As to the first factor, the Supreme Court in *Granfinanciera* held that fraudulent transfer actions are "quintessentially suits at common law," reasoning that, "[t]here is no dispute that actions to recover preferential or fraudulent transfers were often brought at law in 18th-century England." *Id.* at 43, 56. There is no question that the Complaint seeks to set aside transfers under the UVTA.

As to the second factor, the Court in *Granfinanciera* held that if an action seeks money or personal property still in the defendant's possession, the action is legal and a jury would be appropriate. *Id.* at 44. If the action seeks land, intangibles, an accounting or other equitable relief, the action would be equitable in nature and no right to a jury trial would exist. *Id.* Here, through his UVTA claim, the Trustee

seeks to set aside transfers of money, personal property, and business interests. As such, the second factor entitles Bernadette to a jury trial.

While Trustee's first two claims are equitable in nature, they cannot be resolved until completion of trial on the UVTA claim. The first and second claims are based solely on whether the TA is a fraud conveyance. The outcome of the third claim will determine rights under the first and second claims. In fact and in reality, the first and second claims are meaningless and provide no right of relief to the Trustee. If the TA is determined to be a fraud conveyance, it will be set aside (which is all the Trustee seeks in the first claim). Likewise, if the TA is found to be a fraud conveyance, the Trustee can reach assets transferred by John to Bernandette, the relief the Trustee seeks in the second claim. And, if the TA cannot be set aside as a fraud conveyance, the Trustee is not entitled to relief in the first and second claims.

Bernadette demanded a jury trial in her Motion for Abstention, filed in the Bankruptcy Court on April 30, 2018 (ECF No. 6-1). Because Bernadette is entitled to a jury trial, and because Bernadette demanded a jury trial, the Bankruptcy Court cannot conduct a jury trial without consent from all the parties. 28 U.S.C. § 157(e). Because Bernadette does not consent, the District Court must withdraw its reference.

**2. The District Court should withdraw its reference as to John as well**

Because John filed a proof of claim in Medina's bankruptcy, he is not entitled to a jury trial. *See Schonenthal v. Irving Trust Co.*, 287 U.S. 92 (1932). However, it makes little sense to have two separate trials. The claims against John and Bernadette are identical and are based on the same facts, same evidence, same witnesses, and same law. The evidence presented at each trial will be the same. If two trials are conducting, in addition to doubling the cost to the parties and wasting judicial resources, there is a risk of inconsistent outcomes.

Finally there will be no prejudice to the Trustee if the claims against both Defendants are tried together. To the contrary, both parties would save significant time and resources. There is a huge benefit of conducting one trial, having one

-6-

DEFENDANTS' MOTION TO WITHDRAW REFERENCE

1  decision, resolving all issues.  On the other hand, requiring two separate trials will
2  waste time, money, cause great prejudice to the Defendants if having to pay counsel
3  for two trials and create a very real risk of having different outcomes.

**B.     The Bankruptcy Court has certified this matter for trial**

The Bankruptcy Court has certified this matter for trial.   Therefore, there is nothing left for the Bankruptcy Court to do.  *See Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Co.)*, 702 F.3d 553, 565 (9th Cir. 2012) (holding that bankruptcy courts do not have the general authority to enter final judgments on fraudulent conveyance claims asserted against non-creditors to the bankruptcy estate).

## CONCLUSION

For the forgoing reasons, Defendants respectfully request the District Court to withdraw its reference of this matter pursuant to 28 U.S.C. § 157.

Dated: July 7, 2022                           GRANT & KESSLER, APC


                                              By: */s/ Miles D. Grant*
                                                  Miles D. Grant
                                                  Attorneys for Defendants

I:\DOCS\19-738\Z2- Trustee's Fraud Conveyance\C-Motions\Motion to Withdraw Reference\Amended Motion to Withdraw.wpd