# U.S. Bankruptcy Appellate Panel
## of the Ninth Circuit

125 South Grand Avenue, Pasadena, California 91105
(626) 229-7220

**TO:** Clerk, Bankruptcy Court, San Diego Southern District of California

**RE:** RUDOLPH MEDINA, AKA Rudy Medina

'22CV0994 MMA NLS

**CA No.:** 20-60045

**BAP No.:** SC-19-1299-FSG

**Bkcy Court No.:** 12-13764-LT7

**Adv No.:** 18-90039-LT

The judgment of this Panel entered on 08/14/2020 was appealed to the United States Court of Appeals for the Ninth Circuit.

Attached is a copy of the mandate of the Court of Appeals received on 09/20/2021.

The Court of Appeals AFFIRMED the BAP decision.

Susan M Spraul, BAP Clerk

By: Cecil Lizandro Silva, Deputy Clerk
Date: September 20, 2021

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: RUDOLPH MEDINA, AKA Rudy Medina,<br><br>                Debtor,<br>-------------------------------<br>JOHN SARKISIAN; BERNADETTE SARKISIAN,<br><br>                Appellants,<br><br>v.<br><br>RONALD E. STADTMUELLER, Chapter 7 Trustee,<br><br>                Appellee. | No. 20-60045<br><br>BAP No.<br>SC-19-1299<br><br><br>MEMORANDUM* |

Appeal from the United States Bankruptcy
Appellate Panel of the Ninth Circuit

Submitted July 27, 2021**
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and ROBRENO,*** District Judge.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*   The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

John and Bernadette Sarkisian ("John" and "Bernadette" individually, and "the Sarkisians" jointly) appeal the decision of the bankruptcy appellate panel ("BAP") reversing the bankruptcy court's grant of summary judgment in their favor and against Ronald Stadtmueller, trustee for the bankruptcy estate of Rudolph Medina ("Trustee").

## I. Facts and Background

Trustee attempted to enforce a money judgment against John. The Sarkisians then transmuted their community property into separate property. John argued that Trustee could not enforce the judgment against Bernadette's now separately owned property. Trustee filed an adversarial proceeding, asserting that the transmutation was voidable as actually fraudulent under the California Uniform Voidable Transactions Act ("UVTA"), California Civil Code §§ 3439 to 3439.14.

On November 7, 2019, the bankruptcy court granted summary judgment in the Sarkisians' favor, ruling that while the transmutation agreement was a transfer under the UVTA, Trustee failed to prove the transfer actually injured him or the estate. Specifically, the bankruptcy court found that Trustee's contention, "that because John severed his creditors' access to half of the pre-Transmutation Agreement assets, the estate has less to pursue, and therefore must be injured," was too hypothetical and generalized to amount to an actual injury.

On August 14, 2020, the BAP reversed and remanded, holding that California Civil Code § 3439.04(a)(1) does not require a creditor to prove a defined injury when alleging an actual intentionally fraudulent transfer. *See In re Medina*, 619 B.R. 236 (B.A.P. 9th Cir. 2020). The Sarkisians appealed.

## II.     Jurisdiction and Standard

The BAP had jurisdiction pursuant to 28 U.S.C. § 158(b). We have jurisdiction pursuant to 28 U.S.C. § 158(d).

We review the appeal of a summary judgment ruling de novo, applying "the same test that is initially employed by the trial court under Rule 56(c), Federal Rules of Civil Procedure." *Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 543 (9th Cir. 1975). Under Federal Rule of Civil Procedure 56, applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* Fed. R. Bankr. P. 7056.

## III.     Discussion

In order to void the transmutation agreement, Trustee brought an actual fraudulent transfer claim under the UVTA, which provides in relevant part that "[a] transfer made or obligation incurred by a debtor is voidable as to a creditor . . . if the debtor made the transfer or incurred the obligation" "[w]ith actual intent to

3                                                                                                      20-60045

hinder, delay, or defraud any creditor of the debtor."[1] Cal. Civ. Code § 3439.04(a)(1).

The BAP construed this statutory language as requiring Trustee to prove only that the transmutation agreement was a: "(1) 'transfer' of an (2) 'asset' and was (3) 'made . . . with actual intent to hinder, delay, or defraud any creditor of the debtor.'" *In re Medina*, 619 B.R. at 241 (quoting Cal. Civ. Code § 3439.04(a)(1)). It concluded that "[n]o statutory language supports a requirement that the plaintiff prove damages or actual injury or that the debtor's remaining assets after the transfer were insufficient to satisfy the debt without undue burden." *Id.* at 241-42 (footnote omitted). As a result, the BAP reversed the bankruptcy court's grant of summary judgment in the Sarkisians' favor. *Id.* at 238.

The Sarkisians raise several arguments against the BAP's interpretation including that *Mehrtash v. Mehrtash*, 112 Cal. Rptr. 2d 802 (Ct. App. 2001), creates an additional unwritten requirement under section 3439.04(a)(1): that the creditor must establish he or she suffered an actual injury. Specifically, the Sarkisians point to the language in *Mehrtash* stating that "[m]ere intent to delay or defraud is not sufficient; injury to the creditor must be shown affirmatively. In other words, prejudice to the plaintiff is essential." 112 Cal. Rptr. 2d at 805

---

[1] The bankruptcy court previously held that the transmutation agreement was a transfer under the UVTA. This holding was not appealed. *In re Medina*, 619 B.R. at 240 n.3.

(quoting 16 Cal. Jur. 3d *Creditors' Rights and Remedies* § 430 (1983)). The Sarkisians argue Trustee was required to produce evidence of an injury by showing the transmutation: (1) made his collection efforts more difficult; (2) caused him a specific financial injury; or (3) prejudiced him in some other way.

The BAP addressed the Sarkisians' arguments and found, inter alia, that they were relying on an incomplete reading of *Mehrtash*. The full relevant passage is:

> "A transfer in fraud of creditors may be attacked only by one who is injured thereby. Mere intent to delay or defraud is not sufficient; injury to the creditor must be shown affirmatively. In other words, prejudice to the plaintiff is essential. *It cannot be said that a creditor has been injured unless the transfer puts beyond [her] reach property [she] otherwise would be able to subject to the payment of [her] debt*."

*Id.* (alterations in original) (emphasis added) (quoting 16 Cal. Jur. 3d *Creditors' Rights and Remedies* § 430 (1983)). Because the last sentence indicates that the necessary injury is a transfer of assets beyond the creditor's reach, the BAP held that *Mehrtash* was not inconsistent with its analysis and was not helpful to the Sarkisians. *In re Medina*, 619 B.R. at 245-46. The BAP concluded that the only affirmative injury necessary pursuant to section 3439.04(a)(1) and *Mehrtash* is proof that the debtor, with the intent to hinder, delay, or defraud the creditor, placed property out of the creditor's reach that could have been used to pay the debt. *Id.* We agree with the reasoning of the BAP regarding this argument as well as the other arguments raised by the Sarkisians. *See id.* at 241-48 (analyzing the Sarkisians' arguments).

The Sarkisians argue that the construction offered by the BAP creates an untenable rule that anytime a debtor transfers something of value, there is per se evidence of an injury to the creditor. But that is not so. Instead, the rule is, if the debtor transfers something of value, *and* the creditor proves it was done with the actual intent to hinder, delay, or defraud the creditor, *then* the creditor has been injured.

The plain language of section 3439.04(a)(1), as well as long-standing case law, do not require a creditor to prove an additional injury before the court voids a transfer for actual fraud. *See Fross v. Wotton*, 44 P.2d 350, 352 (Cal. 1935) (holding that an actual fraudulent transfer claimant need not prove there were no other assets that would satisfy the debt and concluding that "this is in accordance with the long-established rule in this state that where there is actual fraud it is immaterial that the debtor does not entirely strip himself of his assets and there is other property from which the creditor may be satisfied"); *see also Hager v. Shindler*, 29 Cal. 47, 59 (1865) (providing that "[a] rich man may make a fraudulent deed as well as one who is insolvent"). Instead, the only harm a creditor must show is that the debtor concealed assets that could have been used to settle the debt with the intention of making it more difficult for the creditor to collect.

Thus, the BAP correctly concluded that the bankruptcy court erred by finding that Trustee's failure to provide evidence of a specific injury entitled the Sarkisians to summary judgment, since no such evidence was required.

**AFFIRMED.**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: RUDOLPH MEDINA, AKA Rudy Medina,

    Debtor,

------------------------------

JOHN SARKISIAN and BERNADETTE SARKISIAN,

    Appellants,

  v.

RONALD E. STADTMUELLER, Chapter 7, Trustee,

    Appellee.

No. 20-60045

BAP No. 19-1299
BAP, San Diego Bankruptcy Court

**MANDATE**

The judgment of this Court, entered July 29, 2021, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

Costs are taxed against the appellant in the amount of $56.70.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Jessica Flores
Deputy Clerk
Ninth Circuit Rule 27-7