UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>RUDOLPH MEDINA a/k/a RUDY MEDINA,<br><br>          Debtor.<br><br>RONALD E. STADTMUELLER, Chapter 7 Trustee,<br><br>          Plaintiff,<br><br>v.<br><br>BERNADETTE SARKISIAN, and JOHN SARKISIAN,<br><br>          Defendants. | Case No.:  22-CV-994-RSH-NLS<br><br>**ORDER GRANTING MOTION FOR WITHDRAWAL OF REFERENCE OF ADVERSARY PROCEEDING 18-90039-LT**<br><br>[ECF No. 1] |

  Pending in the United States Bankruptcy Court for the Southern District of California is adversary proceeding No. 18-90039-LT, in which Plaintiff asserts claims against Defendants for (i) declaratory relief, (ii) satisfaction of creditor's suit, and (iii) fraudulent conveyance under California's Uniform Voidable Transactions Act. ECF No. 1

1

at 3. On July 7, 2022, Defendants filed a motion for withdrawal of reference of that proceeding ("Motion"). ECF No. 1. Plaintiff filed a notice of non-opposition to the Motion. ECF No. 3. The Bankruptcy Court agrees that withdrawal of the reference would be appropriate at this point in the case. ECF No. 1-4 at 3 (Order dated June 27, 2022). For cause shown, the Court GRANTS the Motion.

Pursuant to 28 U.S.C. § 157(d), the Court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).

Although Plaintiff's fraudulent conveyance claim is statutorily defined as a "core" proceeding, 28 U.S.C. 157(b)(2)(H), Article III precludes the Bankruptcy Court from adjudicating it. *See In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 565 (9th Cir. 2012), *aff'd sub nom. Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014) ("Federal law classifies fraudulent conveyance proceedings as 'core' proceedings, but the Constitution prohibits bankruptcy judges from entering a final judgment in such core proceedings.") (internal citations omitted). The Bankruptcy Court would therefore be authorized to hear, but not determine, the adversary proceeding, and submit proposed findings of fact and conclusions of law to this Court for its *de novo* review. 28 U.S.C. § 157(c)(1); *Arkison*, 573 U.S. at 38 (treating fraudulent conveyance claim as non-core claim and finding that bankruptcy court was permitted to submit proposed findings to district court under Section 157(c)(1)).

The Court finds, however, that withdrawing the reference would promote efficiency and reduce delay and costs. Dispositive motions and discovery are complete, and the adversary proceeding is ready for trial. ECF No. 1 at 3. The Bankruptcy Court is not authorized to hold a jury trial absent Defendant Bernadette Sarkisian's consent, 28 U.S.C.

§ 157(e), which is not forthcoming, ECF No. 1 at 6. All parties agree that withdrawal of the reference would be appropriate. ECF No. 3. It would be more efficient and less burdensome for this Court to hold the jury trial in the first instance rather than seeking proposed findings from the Bankruptcy Court. This approach would also promote uniformity in bankruptcy administration, and would be consistent in the view of the Bankruptcy Court that withdrawal of the reference is appropriate. ECF No. 1-4 at 3.

The Court further finds that the reference of Plaintiff's claims against Defendant John Sarkisian should be withdrawn. Efficiency and uniformity dictate holding a single trial that will dispose of all claims by Plaintiff against both Defendants.

For the foregoing reasons, the Court hereby **GRANTS** the Motion. A status conference shall take place on **Thursday, November 3, 2022 at 1:30 PM PT in Courtroom 3B**. In advance of that conference, the parties shall meet and confer and come prepared to discuss proposed dates for (i) the final pre-trial conference, (ii) motions in limine, and (iii) trial. They should also be prepared to discuss whether related case No. 22-cv-1220 is duplicative of this case and should be terminated. Once the trial date is set, all pretrial filings will be due as set forth in the Civil Local Rules and the undersigned's chambers rules.

**IT IS SO ORDERED**.

Dated:  October 18, 2022

_____
Hon. Robert S. Huie
United States District Judge