UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>RUDOLPH MEDINA aka RUDY MEDINA,<br><br>                    Debtor.<br><br>BK Case No. 12-13764-LT7 | Case No.: 3:22-cv-00994-BEN-SBC<br><br>**ORDER ON PLAINTIFF'S MOTIONS IN LIMINE** |
| RONALD E. STADTMUELLER, Chapter 7 Trustee<br><br>                    Plaintiff,<br><br>v.<br><br>BERNADETTE SARKISIAN, an individual; JOHN SARKISIAN, an individual,<br><br>                    Defendants. | **[ECF Nos. 24, 25, 26, 27]** |

This case stems from proceedings in United States Bankruptcy Court. ECF No. 1. The Plaintiff in this case is Chapter 7 Trustee Ronald E. Stadtmueller ("Plaintiff" or "Trustee") and the Defendants are Bernadette Sarkisian and John Sarkisian ("Defendants"). *Id*. at 2. Plaintiff's complaint generally seeks to set aside a certain transaction executed by Defendants as a fraudulent transfer under California's Uniform Voidable Transactions Act ("UVTA"). *Id*. at 3.

1

Before the Court are Plaintiff's motions in limine. ECF Nos. 24-27. The motions are fully briefed. *See* ECF Nos. 36-39 (responses) and ECF Nos. 40-44 (replies). The motions were submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 45.

**I. Background**

1. Factual Background. In 2012, Rudy Medina obtained a 1.4-million-dollar judgment against John Sarkisian. ECF No. 1 at 2. That same year, Medina filed for Chapter 11 bankruptcy.[1] *Id*. In September 2013, the bankruptcy was converted to a Chapter 7 and Mr. Stadtmueller was appointed Trustee. *Id*. In March 2014, debtor John Sarkisian and his wife Bernadette Sarkisian signed a "transmutation agreement" ("TA") which converted their assets from community property to separate property. *Id*.

2. Procedural Background-Bankruptcy and Appellate Proceedings. In 2018, Plaintiff filed an adversarial bankruptcy complaint against Defendants seeking to set aside the TA as a fraudulent conveyance.[2] *Id*. Plaintiff maintains the TA attempts to transfer property out of reach of the 2012 judgment in violation of the UVTA. *Id*. The parties filed cross motions for summary judgment in August 2018. *Id*. at 3. Defendants argued that the TA was not a "transfer" for the purpose of UVTA. Adversary Proceeding, ECF No. 25. The Bankruptcy Court denied both motions, but explicitly ruled that the TA was a transfer for the purposes of the UVTA. Adversary Proceeding, ECF No. 41 at 13.

In September 2019, Defendants filed a second motion for summary judgment arguing harm was an essential element of a UVTA claim and that the Trustee had failed to present any evidence of harm. Adversary Proceedings, ECF No. 57. The Bankruptcy Court agreed with Defendants' reasoning and granted Defendants' motion. Adversary

---

[1] S.D. Cal. Bankruptcy Court No. 12-13764-LT7 ("Chapter 7 Proceeding").
[2] S.D. Cal. Bankruptcy Court, No. 18-90039-LT ("Adversary Proceeding").

2

22-CV-00994-BEN-SBC

Proceeding, ECF Nos. 61, 70. Plaintiff then appealed this ruling to the Bankruptcy Appellate Panel ("BAP"). Adversary Proceeding, ECF No. 81.

In a published opinion, the BAP reversed, ruling, "[n]o statutory language supports a requirement that the plaintiff prove damages or actual injury or that the debtor's remaining assets after the transfer were insufficient to satisfy the debt without undue burden." *In re Medina*, 619 B.R. 236, 241-42 (B.A.P. 9th Cir. 2020). The BAP additionally reasoned while damages or "actual injury" was not an element of an "actual fraudulent transfer claim[,]" insolvency of the transferors could nevertheless be relevant to establishing the requisite intent. *Id.* at 242-43.

Defendants appealed the BAP's decision to the Ninth Circuit, which affirmed, finding, "[t]he BAP concluded that the only affirmative injury necessary . . . is proof that the debtor, with the intent to hinder, delay, or defraud the creditor, placed property out of the creditor's reach that could have been used to pay the debt. We agree with the reasoning of the BAP. . . ." *In re Medina*, No. 20-60045, 2021 WL 3214757 at *2 (9th Cir. July 29, 2021).

3. Procedural Background-District Court. On October 18, 2022, the case was removed to this Court after Defendant Bernadette Sarkisian requested a jury trial. ECF No. 4. On May 8, 2023, the parties attended a Final Pretrial Conference, which set the date for a jury trial and deadline for motions in limine. ECF No. 23.

**II. Legal Standards**

Rulings on motions in limine fall entirely within the Court's discretion. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)). Evidence is excluded on a motion in limine only if the evidence is clearly inadmissible for any purpose. *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA (EDL), 2006 WL 1646113 at *3 (N.D. Cal. June 12, 2006). If evidence is not clearly inadmissible, evidentiary rulings should be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *See Bensimon*, 172 F.3d at 1127 (when ruling on a motion in limine, a trial court

lacks access to all the facts from trial testimony). Denial of a motion in limine does not mean that the evidence contemplated by the motion will be admitted at trial. *Id*.

Relevant to the present inquiry is Federal Rule of Civil Procedure ("Rule") 56(g) and the Law of the Case doctrine. Rule 56(g) provides a Court ruling on a motion for summary judgment, which does not grant all the relief requested, may still "enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g). The Law of the Case doctrine provides that "a ruling or holding stated in an appellate court opinion is binding on all inferior courts in all subsequent proceedings related to the same parties in the same action." *Morohoshi v. Pacific Home*, 34 Cal.4th 482, 491 (2004).

**III. Discussion**

Plaintiff's four motions in limine seek to have certain rulings by the Bankruptcy Court, the BAP and the Ninth Circuit effectively bind the parties pursuant to Rule 56(g) and the Law of the Case doctrine. ECF Nos. 24-27. The motions thus seek to exclude Defendants from presenting evidence or making argument contrary to these rulings. *Id*. Relevant here, the Ninth Circuit characterized the elements of a UVTA claim as: "(1) transfer of an (2) asset [that] was (3) made with actual intent to hinder, delay, or defraud any creditor of the debtor." *In re Medina*, 2021 WL 3214757 at *1. Discussed below regarding Plaintiff's first motion in limine, the Court agrees that the only substantive element remaining to be determined at trial is the Defendants' requisite intent.

<u>1. Motion to Exclude Evidence Regarding "Transfer" Element</u>

Plaintiff's first motion seeks to preclude Defendants from offering evidence or arguments that the TA was not a "transfer" of "assets" under the UVTA. ECF No. 24. Defendants argue they do not object on that ground, but express concern that a blanket exclusion could preclude Defendants from introducing relevant evidence. ECF No. 36.

First, despite Defendants' apparent agreement, Plaintiff accurately points out the Defendants' have argued that the TA was not a transfer in previous filings with the Court,

which belies a potential intent to argue this point at trial.  *See* Defendants' Memorandum of Contentions of Facts and Law, ECF No. 17 at 2 ("**No assets were transferred through the TA**.") (emphasis in original).  Second, Defendants do not identify any evidence they seek to present that would be in danger of exclusion by this motion.[3]

The Court agrees the Bankruptcy Court's finding that the TA represented a "transfer" under the UVTA is binding on parties.  This was a legal conclusion made by the Bankruptcy Court in a summary judgment order, which neither party appealed.  The Court is also satisfied Plaintiff's request is sufficiently tailored as to not impact relevant evidence.  Accordingly, the Court **GRANTS** Plaintiff's first motion in limine.

2.  Motion to Exclude Evidence Regarding Harm Element

Plaintiff's second motion seeks to preclude the Defendants from "offering evidence regarding the element of harm under the UVTA[,]" arguing the BAP and Ninth Circuit already determined the TA "caused the Trustee harm[.]"  ECF No. 25.  Defendants respond that the BAP and Ninth Circuit's ruling was limited to a discussion of what encompasses harm or injury in a UVTA claim, not a finding that the Trustee in this case was harmed.  ECF No. 37.

The Court must agree with Defendants.  The BAP and Ninth Circuit reversed because the Bankruptcy Court erroneously required the Trustee to show *additional* harm; this is not a finding that the Trustee *was* harmed.  The BAP and Ninth Circuit opinions discuss the nature of the harm or injury element of a UVTA claim (or, more accurately, that there is no "free-floating actual injury element" for a UVTA claim).  *In re Medina*, 619 B.R. at 245; *In re Medina*, 2021 WL 3214757 at *2-3 ("the BAP correctly concluded the bankruptcy court erred by finding that the Trustee's failure to provide evidence of a specific injury entitled the Sarkisians to summary judgment, since no such evidence was required.").  Indeed, the logic of the BAP and Ninth Circuit's opinions would preclude

---

[3] This is true for all of the Defendants' oppositions.

the Court from finding harm to the Trustee has already been established. Both courts concluded that the injury flows from establishing the elements of the claim. *See In re Medina*, 2021 WL 3214757 at *2 ("if the debtor transfers something of value, and the creditor proves it was done with the [requisite intent] *then* the creditor has been injured.") Under this reading of the statue, the Trustee does not establish injury until the Trustee establishes requisite intent.

The Court is not deaf to Plaintiff's concerns. Again, arguments in Defendants' filings make it appear that Defendants intend to make arguments at trial which are specifically precluded by the BAP and Ninth Circuit's rulings. *See, e.g.*, Pretrial Order, ECF No. 73 at 4 ("Defendants assert that Plaintiff cannot show any damages as a result of the [TA]. . . ."). The Defendants are cautioned against making arguments that are foreclosed by the rulings of the Bankruptcy Court, BAP and Ninth Circuit. However, the Court finds carefully crafted jury instructions and objections raised in their full context at trial will be the most appropriate remedy for any potential confusion on this issue. For these reasons, the Court **DENIES** Plaintiff's second motion in limine.

3. Motion to Exclude Evidence of Defendants' Financial State and Solvency.

Plaintiff's third motion in limine seeks to exclude any evidence regarding the Defendants' financial condition and solvency, arguing such evidence is irrelevant and would be unduly confusing to the jury and prejudicial to Plaintiff. ECF No. 26. Defendants argue that solvency or insolvency represents circumstantial evidence relevant to their allegedly fraudulent intent, and this was explicitly noted in the BAP's Opinion. ECF No. 38. Defendants are correct. As the BAP observed, "[t]he transferor's insolvency is [not] completely irrelevant to an 'actual' fraudulent transfer claim. The creditor must establish that the transfer was made with 'actual intent to hinder, delay or defraud' creditors . . . , the UVTA and its ancestors permit the creditor to prove intent using circumstantial evidence . . . includ[ing] . . . whether the debtor was insolvent or became insolvent shortly after the transfer was made." *In re Medina*, 619 B.R. at 243 (internal citations omitted). The Court cannot agree evidence of Defendants' financial

condition at the time the TA was executed is completely irrelevant to Defendants' intent. Accordingly, the Court **DENIES** Plaintiff's third motion in limine.

   4. <u>Motion to Exclude Evidence Regarding Valuation of the Transferred Assets.</u>

Plaintiff's final motion in limine seeks exclusion of any evidence or argument regarding the valuation of the assets transferred by the TA, again arguing such evidence is irrelevant to the Defendants' purported intent. ECF No. 27. Defendants respond that the value of the transferred assets is fairly included among circumstantial evidence of Defendants' intent. ECF No. 39. These arguments are substantially similar to those examined in Plaintiff's third motion in limine. The Court cannot conclude the value of the transferred assets at the time of the TA's execution is irrelevant. However, the Court agrees evidence relating to the *current* or depreciated value of such assets is not relevant to Defendants' intent at the time they executed the TA, and such evidence would only serve the confuse the jury. Accordingly, the Court **GRANTS-IN-PART** Plaintiff's fourth motion in limine.

## IV. Conclusion

For the reasons set forth above, the Court **ORDERS** as follows:

1. Plaintiff's First Motion in Limine is **GRANTED**. (ECF No. 24).

2. Plaintiff's Second Motion in Limine is **DENIED**. (ECF No. 25).

3. Plaintiff's Third Motion in Limine is **DENIED**. (ECF No. 26).

4. Plaintiff's Fourth Motion in Limine is **GRANTED-IN-PART**. (ECF No. 27).

**IT IS SO ORDERED.**

Dated: January 11, 2024

HON. ROGER T. BENITEZ
United States District Judge