Miles D. Grant, Esq.         (SBN   89766)
Alexander J. Kessler, Esq. (SBN  278240)
**GRANT & KESSLER, APC**
1331 India Street
San Diego, CA 92101
Tel: 619-233-7078; Fax: 619-233-7036
Attorneys for Defendants

William P. Fennell (SBN 164210)
Hala Hammi (SBN 347425)
LAW OFFICE OF WILLIAM P. FENNELL, APLC
600 West Broadway, Suite 930
San Diego, CA 92101
Tel: 619-325-1560; Fax: 619-325-1558
Attorneys for Plaintiff, Ronald E. Stadtmueller,
Chapter 7 Trustee

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>RUDOLPH MEDINA<br>aka RUDY MEDINA<br><br>Debtor.<br><br>RONALD E. STADTMUELLER, Chapter 7 Trustee<br><br>Plaintiff,<br><br>v.<br><br>BERNADETTE SARKISIAN, an individual; JOHN SARKISIAN, an individual,<br><br>Defendants. | Case No. 3:22-cv-0994-BEN-SBC<br><br>**JOINT EX PARTE APPLICATION TO CONTINUE AUGUST 26 EVIDENTIARY HEARING**<br><br>Judge:  Hon. Roger T. Benitez<br>Dept:   5A |

## INTRODUCTION

On August 16, 2024, the Court scheduled an evidentiary hearing for August 26, 2024 and ordered the Parties to file a joint list of evidence and witnesses each intends to present by Thursday, August 22, 2024, at 12:00 p.m.  Counsel for John and

Bernadette Sarkisian ("Defendants") is unavailable until the week of September 16, as he is preparing for a multi-week jury trial in Orange County that begins October 14 and is conducting 10 key depositions between now and September 14.  Counsel for Plaintiff and Defendants have conferred and jointly request that the Court continue the August 22 joint briefing date and continue the evidentiary hearing to the week of September 30.  Additionally, the parties request that the Court set evidentiary and provide guidance about the procedures at the hearing.  Plaintiff notes to the Court that he and his accountant are percipient witnesses and therefore need to be available at a continued date of the evidentiary hearing.

## STATEMENT OF RELEVANT FACTS

**A. The pending Motion to Enforce Settlement**

On June 9, 2023, Plaintiff and Defendants attended a settlement conference with Judge Berg and agreed to a settlement to resolve all of Plaintiff's claims, including the underlying judgment.  The terms of the settlement were read into the record in open court.  Defendants then spent numerous months providing Plaintiff with the records and information Plaintiff requested to verify the initial list of assets and debts provided by Defendants.

On April 30, 2024, Defendants filed their Motion to Enforce Settlement ("Motion").  ECF Doc 87.

On May 17, 2034, Plaintiff filed his opposition to the Motion, and did not file objection to any evidence that Defendants filed in support of the Motion.  ECF Doc 90.

Defendants filed a Reply in support of the Motion and  did not object to any evidence that Plaintiff filed in its Opposition.  ECF Doc 91.

On May 28, 2024, the Court took the Motion under submission and vacated the June 3 hearing.  ECF Doc 92.

/ / /

/ / /

/ / /

### B. Zunshine is the only attorney for Defendants capable of conducting the evidentiary hearing

Grant & Kessler, APC, attorneys of record for Defendants, consists of three attorneys, Miles Grant, Alexander Kessler, and Phillip Zunshine ("Zunshine"). Zunshine has handled this case for Defendants throughout the last year and a half. Zunshine was preparing the case for trial in 2023. Zunshine attended the settlement conference with Judge Berg and the reading of the settlement into the record. Zunshine has handled all relevant communications with Plaintiff's counsel about the settlement, the information and records requested by Plaintiff, and the information and records produced to Plaintiff since June 2023. Zunshine is the only attorney for Defendants who has personal knowledge of the relevant events related to the settlement and the Motion. Zunshine is the only attorney for Defendants who can competently handle the evidentiary hearing and address any questions the Court may have about the settlement.

### C. Zunshine is unavailable until the week of September 16

Zunshine is currently preparing for a multi-week jury trial in an $8 million fraud conveyance and alter ego case in Orange County, Case No. 30-2019-01098258 ("OC Action"). Trial in the case has been continued six times, and on August 6 the Court denied the Defendants' request to continue the trial a seventh time. Decl. Zunshine, Exhibit 1. Trial is scheduled to begin October 14. The discovery cutoff is September 14.

Zunshine must conduct 10 key depositions between August 19 and September 13. Most of these depositions will take at least one full day. These depositions are scheduled for August 19, 20, 22, 23, 26, 28, and September 4, 9, 10, and 13. This does not include depositions that Defendants are likely to schedule, or any expert depositions. Zunshine must conduct these depositions in Orange County or Los Angeles, and as a result will be out of San Diego for much of the next month, including on August 26.

///

Zunshine has been unable to conduct these key depositions in the OC Action until now. The defendants in the OC Action have vigorously opposed all of Plaintiff's discovery efforts over the last five years, including refusing to produce key documents that Zunshine needs to conduct these depositions. When Zunshine previously scheduled some of these depositions in early 2024, Defendants' attorney was completely unavailable for months, due to his wife's severe illness, effectively staying the case. Since Defendants' new counsel has substituted into the case, Zunshine has done everything possible to complete discovery and conduct the key depositions but given the Court in the OC Action has refused to continue the October 14 trial, Zunshine is working non-stop to prepare for and conduct the key depositions over the next four weeks. On the days where no deposition is currently scheduled, Zunshine needs to prepare for the upcoming depositions, and for the October 14 trial. It is also likely that many of these days will be filled with Defendants' depositions and expert depositions, which have not yet been scheduled.

### D. Plaintiff is Available on October 4

After September 16, Plaintiff, his counsel, and his accountant (the latter two having submitted declarations central to Plaintiff's Opposition) are only all available on October 4, 2024. After inquiries, Plaintiff is unaware of any date before October 4 when all three will all be available.

### E. Plaintiff requests a hearing on a motion for leave of the pretrial order so that a motion for summary judgment can be filed

Plaintiff is finalizing a dispositive motion for summary judgment and is ready to file a motion amending the pretrial scheduling order. The latter will be a motion requesting the Court to exercise its broad discretion in supervising the pretrial phase of litigation to amend the Bankruptcy Court's still-operative 2019 Rule 16 scheduling order to allow a brief window in which the parties may file dispositive motions. The Plaintiff will move for summary judgment on the sole issue pending in this case, the

///

question of whether the Defendants' interspousal transfer agreement was entered into with the intent to hinder or delay creditors.

Both motions are directly supported by this Court's prior actions. *See Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*, No. 18:cv-2109-BEN-LL, 2020 U.S. Dist. LEXIS 163640, at *5 (S.D. Cal. Sep. 8, 2020) (significantly extending the deadline for motions for summary judgment "after consulting with District Judge Benitez's chambers" on a very similar motion to amend a Rule 16 order); *Mendez v. Keeling*, No. 09cv2261 BEN (WMC), 2011 U.S. Dist. LEXIS 39952, (S.D. Cal. Apr. 13, 2011) (Judge Benitez granting motion for summary judgment with similar arguments on identical issue – finding intent under CCP § § 3439.04(b)).

Plaintiff requests that this Court schedule hearings on these motions at its discretion. Defendant does not believe the Scheduling Order should be amended at this time or that any motion should be heard until the Court rules on the pending Motion to Enforce Settlement.

### F. Plaintiff and Defendant have met and conferred

On the afternoon of August 16, when Zunshine received the Court's order setting the evidentiary hearing, Zunshine immediately called Plaintiff's counsel to discuss the scheduling conflict. Since then, counsel for Plaintiff and Defendants have had numerous calls to discuss the timing of the hearing and the Court's expectations at the hearing, including a call with the Court's clerk on August 20. The clerk suggested that the parties file an application to bring these issues to the Court's attention.

### REQUEST FOR CONTINUANCE AND GUIDANCE

Plaintiff and Defendants request that the Court continue the August 26 evidentiary hearing date to October 4, 2024. The parties also request that the Court continue the deadline to file the joint list of evidence and witnesses to be presented at the hearing (currently due August 22) until September 30, 2024, four days prior to the rescheduled hearing.

To best assist the Court and expedite the hearing on the Motion, the parties also request guidance from the Court concerning what evidence the Court would like to hear at the hearing on the Motion, and whether the Court wishes to hear live testimony from the parties. The parties would be happy to provide the Court with any further evidence the Court desires but seek guidance as to what specifically the Court wishes to see in the interests of judicial economy.

## CONCLUSION

For the reasons explained above, Plaintiff and Defendants respectfully request that the Court continue the August 26 hearing to October 4, 2024. The parties would also be happy to attend a telephonic status conference with the Court to discuss any issues prior to the hearing.

Dated: August 21, 2024        GRANT & KESSLER, APC

                              By: */s/ Alexander J. Kessler*
                                  Alexander J. Kessler
                                  Attorneys for Defendants

Dated: August 21, 2024        LAW OFFICES OF WILLIAM P. FENNEL, APC

                              By: */s/ William P. Fennell*
                                  William P. Fennell
                                  Attorneys for Plaintiff